[Cite as *State v. Herring*, **2012-Ohio-4788.**]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 2012CA00045 |
| JAMIE R. HERRING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No. 2011CR1421


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         October 9, 2012


APPEARANCES:

For Appellant:                      For Appellee:

ADAM W. WILGUS                      JOHN D. FERRERO, JR.
401 Tuscarawas St. W., Suite 200    STARK COUNTY PROSECUTOR
Canton, OH 44702                    RONALD MARK CALDWELL
                                    110 Central Plaza South, Ste. 510
                                    Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Jamie R. Herring appeals from the judgment entry of conviction and sentence entered in the Stark County Court of Common Pleas on February 22, 2012. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} The following evidence is adduced from the record of appellant's trial by jury.

{¶3} Candace Hughes has been diagnosed and treated for a number of issues with her physical and mental health. She takes Coumadin for a blood clotting disorder and sees a counselor regularly for mental health issues. Hughes and appellant met at an AA meeting in November 2008 and began an on-and-off relationship. They lived together briefly and broke up for good in July 2009. According to Hughes, appellant would sometimes visit her and they stayed in touch by telephone and other means.

{¶4} There was some evidence at trial, in the form of testimony by Hughes, that at some point Hughes gave birth to a child fathered by appellant and placed the child for adoption without appellant's knowledge or consent.

{¶5} On August 16, 2011, Hughes was living with a roommate on Eighth Street N.W. in Canton. At that point she had not seen appellant since November 2010 and she testified he had never visited her at the Eighth Street residence. Hughes took her roommate's dog outside and turned around to find appellant "in her face," yelling at her. Hughes said he grabbed her by her hair and slammed her face into the porch.

{¶6}   A friend of Hughes arrived at the house and appellant took off.  Hughes finished an errand involving her son and went to Affinity Hospital in Massillon where her injuries were stitched.  Hughes told hospital staff that she fell down.

{¶7}   Hughes did not report the August 16 incident to police.  She testified that after the incident, she received text messages from appellant stating he would get to her before the police could get to her.  Hughes testified she did not report the August 16 assault to police because she was afraid appellant would find out.

{¶8}   Several weeks later, Hughes told someone at church that the true source of her injuries was an assault by appellant.  Hughes also told her roommate and her neighbor about the attack.

{¶9}   In the meantime, the Canton Police Department received an anonymous letter about the August 16 incident.  The letter purported to be from a friend of Hughes who was concerned because the friend suspected Hughes had been assaulted by appellant but would not seek help on her own.  The letter asked police to follow up with Hughes.

{¶10} On September 16, 2011, Hughes was at home when a police officer called and said he wanted to speak to her about a letter to the police.  Hughes told them to leave immediately.  Eventually, police made contact with Hughes at the Coleman Center where she had an appointment for mental health issues.  Hughes was extremely nervous and refused to talk to police at first.  Eventually someone at the Center encouraged her, and Hughes described the incident that occurred on August 16.  Police advised Hughes to follow up with the prosecutor's office if she

decided to pursue criminal charges because so much time had elapsed since the incident they would not pursue a warrant against appellant on her behalf.

{¶11} Hughes returned home around 3:30 after her conversation with police and a brief meeting with a psychiatrist. She let the dog out and turned the home security system on when the dog came back in. She did not lock the doors.

{¶12} Hughes said appellant came in the side door of the residence and assaulted her in the kitchen. They "had words" about a child Hughes put up for adoption. Hughes stated appellant struck her several times in the face. When he grabbed her, she grabbed a panic button nearby, setting off an alarm. Appellant ran out the door.

{¶13} Hughes' neighbor was in her upstairs bathroom when she heard the house alarm go off. The window overlooks the backyard of Hughes' house. She looked out the window and observed an African-American man run out the side door of Hughes' house, run across the yard and out the back gate. Hughes called the neighbor on the telephone and asked her to come over because "he just beat the heck out of me." The neighbor arrived at the house, knife in hand, at the same time as police.

{¶14} Hughes called 911 and the police arrived to find Hughes' lip split open and blood throughout the house. Police noted the rear gate was open and took photos of the injuries and the inside of the house. Hughes was transported to Aultman Hospital for treatment of her injuries.

{¶15} Detective Fuelling of the Canton Police Department investigated the September 16 incident and spoke with the witnesses involved. When he showed the

neighbor a photo of appellant, she identified him as the man she saw running across the yard on September 16. Fuelling sought a warrant for appellant's arrest.

{¶16} Appellant was charged by indictment as follows: Count I, aggravated burglary pursuant to R.C. 2911.11(A)(1); Count II, felonious assault pursuant to R.C. 2903.11(A)(1); Count III, felonious assault pursuant to R.C. 2903.11(A)(1); and Count IV, intimidation of a victim in a criminal case pursuant to R.C. 2921.04(B). Appellant entered pleas of not guilty and the case proceeded to jury trial; appellant moved for judgment of acquittal at the close of the state's evidence and at the close of all the evidence and the motions were overruled. On Counts II and III (felonious assault), the trial court also instructed the jury on the lesser-included offense of assault pursuant to 2903.13(A).

{¶17} Appellant was found guilty of one count of the lesser-included offense of assault in Count II, referring to the September 16 incident. He was found not guilty of the remainder of the charges. The trial court sentenced appellant to a term of six months in jail and ordered him to have no contact with Hughes.

{¶18} Appellant appeals from the judgment entry of conviction and sentence.

{¶19} Appellant raises one Assignment of Error:

{¶20} "I. THE DEFENDANT'S CONVICTION FOR ONE COUNT OF ASSAULT IN VIOLATION OF R.C. 2903.13 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶21} Hughes argues his conviction for one count of assault is against the manifest weight and sufficiency of the evidence. We disagree.

{¶22} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶23} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, at 387, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶24} Appellant was convicted of one count of assault pursuant to R.C. 2903.13(A) which states, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."

{¶25} Appellant argues the evidence was insufficient to establish his guilt because the state's witnesses were not credible. First, we note the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216. We find appellee presented sufficient evidence to prove appellant assaulted Hughes.

{¶26} Appellant's manifest weight argument is also premised upon his argument the witnesses lacked credibility. An appellant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. *State v. Raver,* 10th Dist. No. 02AP–604, 2003–Ohio–958, ¶ 21. Neither is a conviction against the manifest weight of the evidence because the trier of fact believed the state's version of events over the appellant's version. *State v. Gale,* 10th Dist. No. 05AP–708, 2006–Ohio–1523, ¶ 19; *State v. Williams,* 10th Dist. No. 08AP719, 2009–Ohio–3237, ¶ 17. The trier of fact is free to believe or disbelieve all or any of the testimony. *State v. Jackson,* 10th Dist. No. 01AP–973, 2002 WL 416994 (Mar. 19, 2002); *State v. Sheppard,* 1st Dist. No. C–000553, 2001 WL 1219765 (Oct. 12, 2001). The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. *State v. Williams,* 10th Dist. No. 02AP–35, 2002–Ohio–4503, ¶ 58; *State v. Clarke,* 10th Dist. No. 01AP–194, 2001 WL 1117575 (Sept. 25, 2001). Consequently, an appellate court must ordinarily give great deference to

the fact finder's determination of the witnesses' credibility. *State v. Covington,* 10th Dist. No. 02AP245, 2002–Ohio–7037, ¶ 28; *State v. Hairston,* 10th Dist. No. 01AP–1393, 2002–Ohio–4491, ¶ 74.

{¶27} Appellant asserts the witnesses and the investigation were flawed, but the jury was in the best position to weigh the evidence. The jury did not lose its way in resolving conflicts in the evidence and was clearly able to give greater weight to some evidence because appellant was convicted of one lesser charge relative to the September 16 incident, but was found not guilty of felonious assault and the charges related to the August 16 incident.

{¶28} Appellant does not point to any evidence in the record the jury lost its way. Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

PAD:kgb

[Cite as *State v. Herring*, 2012-Ohio-4788.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                    :
                                 :
                                 :
            Plaintiff-Appellee   :
                                 :
-vs-                             :      JUDGMENT ENTRY
                                 :
JAMIE R. HERRING                 :
                                 :
                                 :      Case No. 2012CA00045
            Defendant-Appellant  :


For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS